UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 1:07CR123

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CONSENT ORDER AND** |
| | ) | **JUDGMENT OF FORFEITURE** |
| KERRY LEE COMER | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, the defendant has entered into a plea agreement (incorporated by reference herein) with the United States and has voluntarily pleaded guilty pursuant to Federal Rule of Criminal Procedure 11 to one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein; property involved in the offenses, or any property traceable to such property; and/or property used in any manner to facilitate the commission of such offense(s); and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 982, 18 U.S.C. § 1955(d), 21 U.S.C. § 853, 18 U.S.§ 2253(a), 26 U.S.C. § 5872, and/or 28 U.S.C. § 2461(c);

WHEREAS, the defendant herein waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Federal Rules of Criminal Procedure 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty and/or that a personal money judgment in the amount of criminal proceeds may be entered and that the defendant has a legal interest in the property;

WHEREAS, the defendant withdraws any claim previously submitted in response to an administrative forfeiture or civil forfeiture proceeding concerning any of the property described below. If the defendant has not previously submitted such a claim, the defendant hereby waives all right to do so. If any administrative forfeiture or civil forfeiture proceeding concerning any of the property described below has previously been stayed, the defendant hereby consents to a lifting of the stay and consents to forfeiture.

WHEREAS, the undersigned United States Magistrate Judge is authorized to enter this

Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005);

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The **following property** is forfeited to the United States:

1) **A personal monetary judgment** of forfeiture in the amount of $45,537.01, which sum represents proceeds obtained, directly or indirectly, from the offenses.

2) All title and interest in the following real property, in that such property was involved in the aforestated offenses or is traceable to such property:

> a) Property located at 837 Old Mars Hill Highway, Weaverville, North Carolina, and found in Buncombe County Deed Book 2975, Page 0708 and Deed Book 3002, Page 0101.

> b) Property located at 120 Sams Road, Weaverville, North Carolina, and found in Buncombe County Deed Book 4468, Page 0917.

> c) Property located at 120 Sams Road, Weaverville, North Carolina, identified in Madison County Tax Records as Parcel PIN Number 9745-49-6230.

> d) Property located at 75 Reems Creek Road, Weaverville, North Carolina, and found in Buncombe County Deed Book 4070, Page 0070.

> e) Property known as Billy Jack's Flea Market, located on Highway 23 North in Madison County, North Carolina, and found in Madison County Deed Book 279, Page 49.

(3) All title and interest in the following motor vehicles:

> a) 2005 Chevrolet Silverado pickup truck, VIN 2GCEK19B451295979, North Carolina tag TWB-8444.

> b) 2006 Dodge Ram pickup truck, VIN 1D7KS28C36J214177, North Carolina tag BV-1209.

In addition to the other assets forfeited, the **personal money judgement** in forfeiture shall be included in the sentence of the defendant. The **personal money judgment** has been paid by the defendant. The defendant is not liable for any other forfeiture of criminal proceeds in this case.

The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property.

2

Upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by 21 U.S.C. § 853(n) and the aforementioned Order of this Court No. 3:05MC302-C (September 8, 2005).

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.


GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY


THOMAS R. ASCIK
Assistant United States Attorney


KERRY LEE COMER
Defendant


LAWRENCE W. CRANE
Attorney for Defendant



Signed this the _28_ day of _May_, 2008.

3

T. S. Ellis, III
UNITED STATES DISTRICT COURT JUDGE